IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| BOB BURLESON, INDIVIDUALLY, | ) Civil Action No. 5:09-1065-MBS-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| EDISTO VILLAGE ORANGEBURG, LLC, A | ) |
| FOREIGN LIMITED LIABILITY COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff, Bob Burleson ("Burleson"), filed this action on April 21, 2009. Defendant is Edisto Village Orangeburg, LLC, a Foreign Limited Liability Company ("Edisto Village"). Plaintiff alleges claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. The alleged violations relate to Plaintiff's wheelchair accessibility at Defendant's shopping center (Edisto Village Shopping Center in Orangeburg, South Carolina).

Edisto Village filed a motion to dismiss or for summary judgment on April 29, 2010. On May 27, 2010, the undersigned granted the motion of Plaintiff's counsel to withdraw. See Doc. 45. In the same order Plaintiff was advised (because he is now proceeding pro se) pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the dismissal of his complaint. Plaintiff did not respond. On June 21, 2010, Edisto Village filed a supplemental motion to dismiss or for summary judgment. Another order pursuant to Roseboro was issued on July 1, 2010. On July 26, 2010, Plaintiff filed a response in which he states that "[i]t was never in [his] mind to bring A.D.A. charges against [Edisto Village] or anyone related to Edisto Village." He states that there are standards at Edisto Village that do not meet ADA specifications,

but that he told his attorney in January 2010 that he wanted to "drop this charge because [h]e was not financially or physically able to carry it any further."

## FACTS

1. Edisto Village is a shopping center located in Orangeburg, South Carolina. It consists of a Bi-Lo grocery store constructed in 1972 and several other retail establishments constructed in 1980. The parking lot was constructed in 1982. Edisto Village purchased the property in 2006. Assessor's Office Records pp. 5-6 (attached to Defendant's motion to dismiss or for summary judgment).[1]

2. Burleson visited Edisto Village "approximately 6 times per year" in the past several years and "shopped in most of the stores in the property." Plaintiff's Answers to Interrogatories, Para. 2 (Doc. 19-4)..

3. Following receipt of the Complaint, Edisto Village contacted Les Blackwell ("Blackwell"), President and CEO of PeopleTect Design Group, LLC, a business that collaborates with property owners, architects, and builders to improve access for people with disabilities. See Blackwell Aff., Para. 1-2.

4. Blackwell performed a complete inspection of Edisto Village in July 2009, which corroborated the variances from standards of accessible design listed in the Complaint, and he identified several additional potential barriers. Blackwell Aff., Para. 4 and Exs. A and B.

---

[1] The Court may take judicial notice of the public records of Orangeburg County Assessor's office. See Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir. 2006)(holding that state-court filings are public records of which a federal court may take judicial notice when deciding a motion to dismiss); Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss").

5.  Edisto Village hired contractors to remedy the barriers listed in the Complaint and those identified by Blackwell. The work included re-striping of parking spaces, creation of new access aisles, addition of appropriate signage, marking of accessible routes between accessible parking and curb ramps, construction of new curb ramps, removal and re-pouring of a portion of the sidewalk, installation of new door hardware, addition of signage indicating that retail facilities did not contain public restrooms, renovation of men's and women's public restrooms at Bi-Lo, renovation of several dressing rooms located in retail facilities, and adjustment of the opening tension of several doors. The construction was completed prior to February 20, 2010. Blackwell Aff., Paras. 5-6.

6.  Following the renovation, Blackwell performed a follow-up inspection of Edisto Village on February 10, 2010, and determined that each of the barriers listed in the Complaint had been remedied where readily achievable, each of the potential barriers identified by Blackwell's inspection had been remedied, and Edisto Village was completely ADA compliant. Blackwell Aff., Paras. 6 and 9.

## DISCUSSION

Burleson alleges that he encountered architectural barriers at Edisto Village and therefore had been discriminated against in violation of Title III[2] of the ADA. These alleged barriers were in the (1) parking and loading zone, (2) accessible routes, and (3) public restrooms. Complaint, Para. 10.

---

[2]Title III of the ADA provides that:
[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
42 U.S.C. § 12182(a).

3

Edisto Village contends that its motion to dismiss should be granted because: (1) Burleson lacks standing to sue based on barriers he has not encountered; and (2) Edisto Village's remedial measures have made this action moot. Additionally, Edisto Village argues that its motion for summary judgment should be granted because: (1) Plaintiff has presented no evidence of injury; (2) Burleson has provided no evidence of an injury within the limitations period; and (3) Burleson's requested injunctive relief has already been voluntarily performed. In its supplemental motion, Edisto Village asks that the Court consider Plaintiff's failure to comply with the Court's May 5, 2010 Order compelling discovery as an additional ground to dismiss Plaintiff's action, and requests other sanctions as the Court sees fit.

## MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Under Fed.R.Civ.P. 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether it has jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The motion to dismiss should be granted only if the "material jurisdictional facts are not in dispute" and the "moving party is entitled to prevail as a matter of law." Id.

Edisto Village contends that its remedial measures have made this action moot. A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. See Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986); Murphy v. Hunt, 455 U.S. 478, 481 (1982). When a defendant remedies an alleged violation of the ADA and the allegedly wrongful behavior could not reasonably be expected to recur, the plaintiff's case becomes moot and must be dismissed. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human

4

Servs., 532 U.S. 598, 609 (2001)(citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)).

Here, Edisto Village asserts and has presented evidence that it has removed the conditions that Burleson alleges constitute architectural barriers where such removal was readily achievable. Blackwell determined that one barrier, the cross slope of the parking spaces, would require regrading of the entire parking lot to remedy the barrier. Blackwell Aff., Para. 7. The applicable Federal Regulation (for an existing facility[3]) provides:

> A public accommodation shall remove architectural barriers in existing facilities, including communication barriers that are structural in nature, where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense.

28 C.F.R. § 36.304(a). Edisto Village appears to assert that regrading would entail difficulty and much expense. In Alberts v. SVS II Partnership, 2000 WL 565477, *2 (D. Conn. March 24, 2000), the court found that regrading an entire parking lot would entail considerable cost such that the modification was not readily achievable within the meaning of the ADA. Where a facility can show that such removal is not readily achievable, the operator must use "alternative methods" to make its "goods, services, facilities, privileges, advantages, or accommodations" available to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(v). Blackwell states that because providing each accessible parking space and access aisle with a cross slope of two percent or less was not readily achievable, new accessible parking locations and routes were chosen based on the least amount of grade

---

[3] A facility designed and constructed for first occupancy on or before January 26, 1993. 42 U.S.C. § 12183(a)(1).

5

available. He also states that van accessible parking spaces were marked so that van lifts would be oriented toward the incline of the slope. Blackwell Aff., Para. 8.

Plaintiff has not disputed that these repairs have been made, that the shopping center is now ADA compliant, that the regrading of the parking lot was not readily achievable within the meaning of the ADA, that alternative methods were employed, and/or that the alleged wrongful behavior is not reasonably expected to recur. The remedial measures Edisto Village has undertaken have made this action moot and it is, therefore, recommended that Edisto Village's motion to dismiss be granted.[4]

## **SUPPLEMENTAL MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Edisto Village also argues that this action should be dismissed pursuant to Fed. R. Civ. P. 37(b) because Burleson failed to comply with the undersigned's May 5, 2010 order, as he did not file supplemental responses to its interrogatories (numbers 2, 4, and 5) on or before June 7, 2010. Pursuant to Rule 37, the court may impose sanctions, including dismissal of the action, for the failure to obey a discovery order. See Fed. R. Civ. P. 37(b)(2). Prior to imposing the sanction of dismissal, the district court must consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for noncompliance; and (4) the efficacy of a less drastic sanction. Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989). The Fourth Circuit has emphasized the importance of establishing a history of dilatory action and warning to the offending party of what may follow prior to dismissing the action for failure to

---

[4]As Plaintiff does not appear to dispute that this action is moot, it is not necessary to address Defendant's other arguments in their motion to dismiss and/or to grant summary judgment.

6

comply with discovery obligations. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993)(court must give the noncomplying party a "explicit and clear" warning of the consequences of failing to satisfy the court's conditions and orders); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987)(stating that warning was a "salient fact" that distinguished cases in which default judgment was an appropriate sanction for discovery abuse under Rule 37).

On May 5, 2010, the undersigned ordered that Plaintiff file a supplemental response to certain of Defendant's interrogatories on or before June 7, 2010. Plaintiff has not done so. It is unclear from the record whether Plaintiff, who was proceeding with counsel at the time of the order and is now proceeding pro se, acted in bad faith. Further, the court has not given Plaintiff an explicit warning of the consequences of failing to satisfy the order. It is, therefore, recommended that Defendant's supplemental motion to dismiss or for summary judgment be denied.

## CONCLUSION

Based on the foregoing, it is recommended that Defendant's motion to dismiss (Doc. 40) be **granted.** It is recommended that Defendant's supplemental motion to dismiss or for summary judgment (Doc. 47) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

February 1, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).