IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| Bob Burleson, Individually, ) | |
| ) | C/A No. 5:09-1065-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Edisto Village Orangeburg, LLC, a ) | |
| Foreign Limited Liability Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Bob Burleson brought the within action on April 21, 2009, pursuant to Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181 et seq. Plaintiff is confined to a wheelchair. He alleges that he encountered architectural barriers at Edisto Village Shopping Center in Orangeburg, South Carolina. Defendant owns Edisto Village Shopping Center.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. Plaintiff was represented by counsel at the commencement of the action. However, on April 20, 2010, counsel moved to withdraw from representation, which motion was granted by the Magistrate Judge. Plaintiff now is proceeding pro se.

PROCEDURAL HISTORY

A.     Defendant's first motion to dismiss or for summary judgment (ECF No. 40)

Defendant filed a motion to dismiss for lack of jurisdiction or for summary judgment on April 29, 2010. Defendant asserted that following receipt of Plaintiff's complaint, it contacted Les Blackwell, President and CEO of PeopleTect Design Group, LLC. Blackwell performed an

inspection of the shopping center in July 2009 and noted variances from standards of accessible design identified by Plaintiff, as well as several additional potential barriers. Defendant hired contractors to remedy, where readily achievable, the barriers identified by both Plaintiff and Blackwell. See 28 C.F.R. § 36.304(a) (requiring a public accommodation to remove architectural barriers where such removal is readily achievable, "i.e., easily accomplishable and able to be carried out without much difficulty or expense"). Defendant provided an extensive recitation of the steps it took. Defendant informed the court that Blackwell performed a follow-up inspection of the shopping center and determined that the property was ADA compliant. Defendant contended that the remedial measures have rendered the within action moot. By order filed May 27, 2010, Plaintiff was advised of the summary judgment procedures and the consequences of failing to respond adequately. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff did not respond to Defendant's motion.

B.    Defendant's supplemental motion to dismiss or for summary judgment (ECF No. 47)

By way of background, Defendant filed a motion to compel responses to interrogatories on September 30, 2009. Plaintiff filed a response in opposition on October 19, 2009, to which Defendant filed a reply on October 29, 2009. The Magistrate Judge granted the motion to compel in part as to interrogatories 2, 4, and 5. Plaintiff did not comply with the Magistrate Judge's order. On June 21, 2010, Defendant filed a supplemental motion to dismiss or for summary judgment. In its supplemental motion, Defendant asserted that Plaintiff's failure to comply with the Magistrate Judge's discovery order served as additional grounds for dismissal of Plaintiff's action. See Fed. R. Civ. P. 37(b).

A second Roseboro order was issued on July 1, 2010. Plaintiff filed a response to Defendant's supplemental motion to dismiss or for summary judgment on July 26, 2010. Plaintiff informed the court that "[i]t was never in [his] mind to bring A.D.A. charges against [Defendant] or anyone related to Edisto Village." ECF No. 50. Plaintiff further informed the court that in January 2010 he had told counsel he wished to drop the law suit because he [Plaintiff] "was not financially or physically able to carry it any further." Id.

## DISCUSSION

On February 1, 2011, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge found that the remedial measures undertaken by Defendant had rendered the action moot. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 189 (2000) (a defendant's voluntary cessation of a challenged practice can render a case moot "'if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur'") (quoting United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203 (1968)). Accordingly, the Magistrate Judge recommended that Defendant's April 29, 2010 motion to dismiss or for summary judgment be granted. The Magistrate Judge further recommended that Defendant's June 21, 2010 supplemental motion to dismiss or for summary judgment be denied. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

3

the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## CONCLUSION

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Defendant's motion to dismiss or for summary judgment (ECF No. 40) is **granted.** Defendant's supplemental motion to dismiss or for summary judgment (ECF No. 47) is **denied as moot** because the court has dismissed the case on other grounds.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 23, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**